MASON AND LEEF *vs.* THE FRANKLIN FIRE INSURANCE COMPANY.—*December,* 1842.

A policy of insurance against fire, upon a vessel, building in the port of *Baltimore,* and for a specified period, is not controled in its operation by proof of usage in other ports of the Union. Such usage could not be considered as entering into the views of the parties in the present contract.

In a valued policy against fire, *"on a new barque now being built,"* it was the design of the parties to cover the vessel in the process of construction, and indemnity was agreed to be furnished for her loss by fire, whatever might be her progress towards completion, when the fire occurred.

The policy, in the absence of proof of usage, did not attach upon articles made for the vessel, delivered in the ship yard where she was constructing, in a condition, and intended to be fitted and attached to her, if she had been, or as soon as she might be ready to receive them.

APPEAL from *Baltimore* County Court.

This was an action of COVENANT, brought by the appellants against the appellees, on the 27th April, 1841.

The plaintiffs declared upon the policy mentioned in the bill of exceptions, and the defendant pleaded they had not broken their covenant, with leave to both parties to give any matter in evidence which might be given under any other plea. Errors of pleading were waived.

At the trial of the cause, the plaintiffs, in order to support the issue on their part, gave in evidence the policy of insurance declared on, of the *Franklin Fire Insurance Company of Philadelphia.*

"This policy of insurance witnesseth, that the *Franklin Fire Insurance Company of Philadelphia* have received of *William Mason & Co.*, six dollars forty cents, premium, for insuring (according to the tenor of their printed proposals and conditions, hereunto annexed,) upon the property herein described, viz: *On a new barque now being built at Samuel Butler's ship yard in Baltimore, Maryland.* Now, know all men by these presents, that in consideration thereof, the capital stock, estate and securities of the *Franklin Fire Insurance Company of Philadelphia,* shall be subject and liable to make good and satisfy unto the insured, their heirs, executors, administrators or assigns, *all such damage or loss which shall or may happen by fire, to the property above mentioned, from the date hereof, to the full end and term of two months, not exceeding the sum of* $4,000, *say four thousand dollars, unless the said company shall, &c.*"

It is agreed that this policy shall expire at twelve o'clock at noon, on the 10th Dec., 1840. In witness whereof, &c.

The plaintiffs further gave in evidence, that the new barque therein referred to, was launched on or about the 30th day of November, 1840, and called *The Orb*, having on board her lower masts and rigging belonging thereto; that on the evening of the day following, the ship yard of *Samuel Butler* was set on fire, and all combustible articles therein were entirely burned up; and further, that previous to the aforesaid fire, and subsequent to the 10th day of October, 1840, certain spars, blocks, cordage and other articles necessary and proper for the building, fitting and equipping the aforesaid barque were prepared, finished and delivered, at and in the said ship yard, ready for setting up, but which had never been put upon said barque, and being after such delivery at the sole risk of the owners of the said barque; that the said spars were at the time of the fire aforesaid, lying within from four to ten feet of the said barque, and the blocks, ropes, rigging and other articles, were lying partly in a shop, and principally in a loft, over the shop, within from forty to fifty feet of the said barque, but all within the enclosure of said *Butler's* ship yard; and that it

is usual for riggers and ship builders to store the light spars intended to be put on new vessels under sheds, or in the lofts of buildings in ship yards where there were such buildings.

The plaintiffs further gave in evidence by a witness who examined the ruins the day following the fire, and had worked on the materials hereinafter referred to, that the fire had burnt the following articles:

A list of blocks, rigging and spars belonging to the new barque *Orb,* burned at *Butler's* ship yard, December 1st, namely, &c., &c.

And that neither the hull of the said barque, nor any of the materials on board of her were burned or injured by the fire.

The plaintiffs further gave in evidence sundry accounts of articles furnished to supply such as were burnt as aforesaid, and the particulars of labor required thereon, according to a statement thereof summed up in the following paper, &c., valued at $834.40.

The plaintiffs further offered in evidence, by *Charles W. Karthaus,* a competent witness, that in the month of February, 1836, a ship of his called the *Jefferson,* arrived at *New York,* where her sails were sent to a sail loft to be repaired, and four or five new sails in place of those worn out, were ordered to be made for said ship, but were not sent on board; that said ship was insured upon time; that a fire occurred in said sail loft in *New York,* by which said sails were destroyed; that the witness inquired the usage as between the insurers and insured in the port of *New York,* in regard to the loss in such cases, and ascertained that the usage there was, that the insurers were liable; and upon that fact being made known to the *Neptune Insurance Company of Baltimore,* they paid the said loss. The plaintiffs further proved by said witness, that he has been informed by others, that the same usage in regard to vessels whose sails are sent on shore for repair, from a vessel insured on time, existed in *England,* but of that fact the witness has no personal knowledge. The plaintiffs further proved by the said *Karthaus,* that he has been informed by others, that several merchants in *Baltimore,* whose vessels had

been insured on time, and upon their arrival in *Baltimore*, whose sails had been sent to the sail lofts for repair, and which were destroyed by fire, were, as he heard from others, paid for their loss by the insurers. The witness further stated, that he had no knowledge of any usage in such cases in the city of *Baltimore*, except as deduced from the above fact and information, and knew of no usage, pro or contra, in regard to vessels unfinished, or vessels being built in *Baltimore*.

The defendants then by their counsel moved the court for its opinion and direction to the jury.

If the jury shall believe from the evidence in this cause, that the spars, blocks, rigging and other materials and work, for the value of which this suit is brought, were never in fact put upon the barque *Orb*, upon which the insurance in this cause was affected, prior to the accident by fire proved in this cause, that the plaintiffs are not entitled to recover under the policy in this cause, notwithstanding the jury may believe from the evidence that the said spars, blocks, rigging and other materials, were intended to be put upon the barque, and would have been put upon said barque if said accident by fire had not occurred.

The plaintiffs then moved in like manner the following prayer:

That if the jury believe from the evidence, that the blocks, spars, rigging and other articles destroyed by fire, as set forth in the evidence, were actually delivered to the plaintiffs in a finished state by the parties furnishing the same, for the purpose of being forthwith put upon the barque *Orb*, and were the property of the plaintiffs as owners of the said barque, and if not insured would have been their exclusive loss, and were deposited in places near the said vessel, convenient for the then intended use thereof, and in the manner usual and customary in cases of building vessels in this city, then the plaintiffs are entitled to recover, notwithstanding the said articles had never actually been put on board, or fitted to the said vessel.

The court (MAGRUDER, A. J.,) granted the prayer of the defendants, and rejected the prayer of the plaintiffs. The plaintiffs excepted.

The verdict and judgment being for the defendants, the plaintiffs appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY and SPENCE, J.

By N. WILLIAMS for the appellants, and
By ST. GEO. W. TEACKLE for the appellees.

ARCHER, J., delivered the opinion of this court.

We agree with the court below, that the policy did not cover the articles, for the loss of which by fire, this suit was instituted to recover.

We have no proof of usage in the port of *Baltimore*, in relation to this subject, which would control or govern the contract of the parties. What was the usage in other ports of the Union, could not be considered as entering into the views of the parties in the formation of the contract.

The case must, therefore, be decided by the language which the parties themselves have used in the covenant of insurance.

This is a valued policy "on a new barque now being built," and the question is, what do these words import; do they apply to the ship and such materials as from time to time are placed upon her in a process of construction, or are they to be considered of more extensive signification, and as covering whatever materials were brought into the ship yard, and were necessary to her construction, whether fitted and prepared or not, to be placed upon the vessel, though not placed on the ship, or in any way attached to it, or as constituting in fact, a part of the corpus insured?

This is a case of the first impression in this State. No cases have been cited, bearing upon the question directly. The contract of insurance is, it is true, one of indemnity, but the terms of it ought not to be carried beyond their ordinary and legitimate signification. The extent of this indemnity is

to be ascertained, by arriving at the true intention of the parties, as expressed by the words they have used. The thing injured, "is a *new barque now being built*," and the design of the parties was to cover the ship in the process of construction, and indemnity was agreed to be furnished for her loss by fire, whatever might be her progress towards completion, when the fire occurred.

The articles, the value of which is claimed, it is proved, were made for the ship, and were in the ship yard, and were in a condition to be fitted and attached to the vessel, if she had been ready to receive them. But they never had been placed upon or fitted to the vessel, so that the policy could attach to them.

Authorities have been cited to show, that an insurance on ship, covers her tackle apparel and furniture, *ex vitermini*, and that the sails of a vessel, taken on shore for repair, are also covered, there being a usage proved, that vessels engaged in such trade, removed their sails from the ship for repair.

But these cases do not, we apprehend, apply to this case, where the insurance is not on a ship, but on a barque *being built*, and by which the articles alleged to be insured never constituted a part, and where there is no usage in the port of *Baltimore* where the insurance was effected, to show that the articles lost were considered within the terms of the policy.

In short, we believe that the insurance in this case covered the barque itself, as it then lay on the stocks at the time of the insurance, and operated on such materials as should be from time to time in a course of construction, put upon and attached to the vessel, so that they might be considered as a part of the vesssl. JUDGMENT AFFIRMED.