(Decided Dec'r 7th, 1863.)

E. W. Eichelberger *vs.* D. H. Miller.

Contracts, Construction of.—E. agreed with M., "to do all the carpenter's work of the new dwelling house about to be erected for M.," in accordance with the plans and directions of the architects, at a stipulated rate; "all work to be paid for as it progressed, by the architect's order to E. on the said M.," &c. The lumber was furnished by M., sent to the work shop of E., and there prepared to be put into the house of M., when it was destroyed by fire. The lumber destroyed was insured in the name of M. Other lumber was furnished by M., and prepared and placed in the building by E., which was duly completed and paid for. E. afterwards sued M. in *assumpsit,* for the value of his work and labor upon the lumber destroyed. Held:

1st. That E. was not entitled to demand payment for any carpenter's work until the same was put into the dwelling house.

2nd. That the words, "as the work progresses," are to be construed to mean as the work *upon the dwelling* progresses.

——: Money had and Received.—3rd. That M. having received the amount of the insurance upon the lumber destroyed was not liable to E. on the count for *money had and received;* that E. had also an insurable interest in said lumber, as bailee, to the value of his work done upon it, and having failed to effect an insurance thereon must bear the loss.

Appeal from the Superior Court of Baltimore City :

This was an action of *assumpsit* brought by the appel-

lant at the January term 1856, of the Superior Court of Baltimore City, to recover from the appellee the sum of $515.15, with interest from March 2nd, 1864, for work and labor done by, and money had and received for, the use of the plaintiff. The defendant pleaded that "he never was indebted as above alleged," upon which issue was joined. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Wm. Pinkney Whyte,* for the appellant, cited :

*Story on Cont., sec.* 739. *Story on Sales,* 234. *Menetone vs. Athawes,* 3 *Burr.,* 1592. *Gregory vs. Stryker,* 2 *Denio,* 628. *Cowen's Treatise,* (4 *Edn.,*) *sec.* 275.

*St. G. W. Teakle,* for the appellee, cited :    *Mason & Leef vs. Franklin Fire Ins. Co.,* 12 *G. & J.,* 468.

BARTOL, J., delivered the opinion of this Court:

The decision of this appeal depends entirely upon the true construction of the contract between the parties, which is in these words: "I, the undersigned, do hereby agree to do all the carpenter's work of the new dwelling house about to be erected on the north-west corner of Cathedral and Monument street, for D. H. Miller, in accordance with the plans and directions furnished by Niernsee and Neilson, architects, and will do the said work in a complete and workmanlike manner at the rate of fifty per cent. deduction from usual book of measurement prices.

"All work to be paid for as it progresses, by Niernsee and Neilson's order to me on the said D. H. Miller. And I further agree to give due attention to the selection of all the lumber materials for the said buildings, and in case of any mismanagement on my part, it shall be at my expense."—(Signed,)—"Emanuel W. Eichelberger."

Under this contract lumber was furnished by the appellee, and sent to the shop of the appellant for his convenience, where the latter had gone on to do work thereon, as a carpenter, preparatory to putting the same in the building of the appellee. While the carpenter's work was in the shop of the appellant, some of it finished and ready to be put into the building, it was destroyed by fire. The appellant afterwards went on to supply other articles in the place of those destroyed, out of lumber supplied by the appellee, and completed the building, for which he was paid. But this action was instituted for the purpose of compelling the appellee to pay the appellant for the value of his work done upon the articles destroyed by fire.

In the course of the trial below, the appellant asked the Court to instruct the jury, that upon these facts, he was entitled to recover under the contract. "for the work so destroyed, such an amount as the jury should find from the evidence in the case, the said work to have been worth."

In the opinion of this Court there was no error in refusing to give this instruction to the jury. According to our interpretation of the contract, the appellant was not entitled to demand payment for any carpenter's work until the same was put into the dwelling house. The agreement was, "to do the carpenter's work of the new dwelling house, in accordance with plans and directions furnished by the architects." None of it could be considered as done or completed under the contract, till it had been fitted into its appropriate place in the building. The stipulation that the work should "be paid for as it progresses, by Niernsee and Neilson's order to me on the said D. H. Miller," clearly shows this to have been the intention of the parties.

There is some ground for saying that the order of the architects was a necessary preliminary to entitle the appellant to demand his pay; but it is not necessary to express any opinion on that question. That provision in the contract seems to us clearly to import that the appellee's obligation was to pay for the work after it had been done upon

the house, and not for that which was unfinished and remaining in the possession of the appellant. The words, "as the work progresses," mean as the work upon the dwelling progresses. The case of *Mason & Leef vs. Franklin Fire Ins. Co.*, 12 *G. & J.*, 468, cited by the appellee, bears some analogy to this, but does not control our decision of the present case, which, as we have said, is based entirely upon the language and stipulations of the contract.

We do not agree with the appellant's counsel, that the appellee was liable on the count for money had and received. The lumber furnished to the appellant, to be worked upon by him, continued to be the property of the appellee, was properly insured as his, and when destroyed, he was entitled to collect and retain indemnity for its loss. The appellant had also an insurable interest therein as bailee, to the value of his work done upon it, and might have protected himself from loss by obtaining a policy of insurance thereon. Not having done so, he must bear the loss.

*Judgment affirmed.*

(Decided Dec. 9th, 1863.)